UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

SANTO LANZAFAME in his fiduciary capacity as a : 04 CV 4744 (ARR)
Trustee for the POINTERS, CLEANERS & CAULKERS :
WELFARE, PENSION & ANNUITY FUNDS, and as : NOT FOR ELECTRONIC
President of the BRICKLAYERS AND ALLIED : OR PRINT
CRAFTWORKERS LOCAL UNION NO. 1, B.A.C.I.U., : PUBLICATION
AFL-CIO, :
: OPINION AND ORDER
Plaintiffs, :
:
-against- X

JAMISON CONTRACTORS, INC., MARK HOWELL,
and JOHN and/or JANE DOE FIDUCIARY,

Defendants.
----------------------------------------------------------------

ROSS, United States District Judge:

Plaintiffs filed suit in the above-captioned matter on November 2, 2004, under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq. No defendant has appeared in the matter, and plaintiffs now seek a default judgment, having notified the court that all claims against defendant Howell are presently stayed because he has filed for Chapter 7 bankruptcy. Affirmation of William E. Nagel, Esq. ¶ 3.

Plaintiffs served process on January 19, 2005 on a secretary at Jamison Masonry Restoration, LLC, a company apparently doing business at the address registered with the Pennsylvania Secretary of State for defendant Jamison Contractors, Inc. Plaintiffs' Ex. B; Supplemental Affirmation of William E. Nagel, Esq. Although Jamison Contractors' attorney

1

apparently received notice of the suit, the secretary upon whom process was served indicated to the process server that Jamison Masonry has no affiliation with Jamison Contractors. Supplemental Affirmation of William E. Nagel, Esq.; Plaintiffs' Ex. B.

Plaintiffs have not established that service was properly made under the Fed. R. Civ. P. 4 or Pennsylvania Rule of Civil Procedure 424. See <u>Grand Entertainment Group, Ltd. v. Star Media Sales</u>, 988 F.2d 476 (3d Cir. 1993); <u>Cintas Corp. v. Lee's Cleaning Services, Inc.</u>, 700 A.2d 915 (1997). If plaintiffs wish to pursue entry of default against defendants, they must demonstrate to the court the propriety of service within two weeks of the date of this order.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 14, 2005
      Brooklyn, New York

SERVICE LIST:

<u>Attorney for Plaintiffs</u>
William Edward Nagel
Holm and OHara, LLP
420 Lexington Avenue
Suite 1745
New York, NY 10170

<u>Attorney for Defendant Jamison Contractors, Inc.</u>
Albert A. Ciardi, III
Janseen Keenan & Ciardi P.C.
One Commerce Square Suite 2050
2005 Market St.
Philadelphia, PA 19103

cc: Robert C. Heinemann, Clerk of the Court