UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                         ::

SANTO LANZAFAME in his fiduciary capacity as a  :
Trustee for the POINTERS, CLEANERS & CAULKERS :
WELFARE, PENSION & ANNUITY FUNDS, and as   :
President of the BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL UNION NO. 1, B.A.C.I.U., :
AFL-CIO,                              :

                     Plaintiffs,      :

       -against-                 X

JAMISON CONTRACTORS, INC., MARK HOWELL,
and JOHN and/or JANE DOE FIDUCIARY,

                Defendants.

--------------------------------------------------------------------

04 CV 4744 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

      By order dated July 14, 2005, the court instructed plaintiffs to demonstrate to the court

the propriety of its service upon Jamison Contractors, Inc. ("Jamison" or "Jamison

Contractors"). As the court previously noted, plaintiffs served process on January 19, 2005 on

a secretary at Jamison Masonry Restoration, LLC, a company apparently doing business at the

address registered with the Pennsylvania Secretary of State for defendant Jamison. Plaintiffs'

Ex. B; Supplemental Affirmation of William E. Nagel, Esq. Although Jamison's attorney

apparently received notice of the suit, the secretary upon whom process was served indicated to

the process server that Jamison Masonry has no affiliation with Jamison Contractors.

Supplemental Affirmation of William E. Nagel, Esq.; Plaintiffs' Ex. B. In their letter dated

July 20, 2005, plaintiffs have not attempted to argue that this constituted proper service on Jamison.

Plaintiffs indicate, however, that they served Mark Howell, a named defendant and an officer of Jamison, on March 7, 2005. Although plaintiffs contend that they thus served Jamison under Pennsylvania law, plaintiffs have not sufficiently demonstrated that Jamison was properly served. While the affidavit of service dated January 21, 2005 purports to have effected service on Jamison, and contains a check in the box marked "Corporation," the affidavit of service dated March 7, 2005 purports to have effected service on Mark Howell, a named defendant, and contains a check in the box marked "Individual." Notwithstanding the court's instruction, plaintiffs have cited no authority for the proposition that serving a named defendant in his individual capacity constitutes proper service on a corporation of which that defendant is an officer. It appears that the statute of limitations has not yet run on plaintiffs' claims. Textile Workers Pension Fund v. Findlay Industries, Inc., No. 97 Civ. 9277 (HB), 1998 WL 788795, *1 (S.D.N.Y. Nov. 10, 1998); Trustees of the National Elevator Industry Pension v. Lutyk, 140 F.Supp.2d 407, 414 (E.D.Pa. 2001). The court thus directs plaintiffs, if they wish to pursue entry of default, to perfect service on Jamison.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 21, 2005
      Brooklyn, New York

2

SERVICE LIST:

Attorney for Plaintiffs
William Edward Nagel
Holm and OHara, LLP
420 Lexington Avenue
Suite 1745
New York, NY 10170

Attorney for Defendant Jamison Contractors, Inc.
Albert A. Ciardi, III
Janseen Keenan & Ciardi P.C.
One Commerce Square Suite 2050
2005 Market St.
Philadelphia, PA 19103

cc:      Robert C. Heinemann, Clerk of the Court